IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASBIR KAUR, | ) | |
| Plaintiff, | ) ) | 2:10-cv-00456-GEB-DAD |
| v. | ) ) | ORDER GRANTING MOTIONS TO DISMISS[*] |
| FIDELITY NATIONAL TITLE INSURANCE CO.; WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

On March 5, 2010, Defendant First American Loanstar Trustee Services filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's complaint concerns a residential mortgage transaction.  Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Bank of America, N.A., and Mortgage Electronic Systems also filed a motion to dismiss on March 9, 2010, for failure to state claim. Plaintiff has not opposed either motion.

---

[*] This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

1            On April 3, 2010, Plaintiff filed a Notice of Filing
2   Bankruptcy, in which Plaintiff's attorney declares, "Pursuant to U.S.
3   Bankruptcy Code 362(a), the filing of a Voluntary Petition effectuates
4   on a stay [sic] on the continuation of any judicial action that was
5   commenced before the filing of the Voluntary Petition."  However,
6   United States Bankruptcy Code § 362(a) does not automatically stay
7   Plaintiff's case.   See, e.g., 11 U.S.C. § 362(a) (stating that a
8   bankruptcy petition stays, inter alia, "a judicial . . . action or
9   proceeding *against* the debtor" (emphasis added)); see also In re
10  Schwartz, 954 F.2d 569, (9th Cir. 1992) ("[T]he automatic stay . . .
11  is designed to protect debtors from all collection efforts while they
12  attempt to regain their financial footing.").
13           The adequacy of a complaint is governed by Federal Rule of
14  Civil Procedure 8(a)(2), which requires "a short and plain statement
15  of the claim showing that the pleader is entitled to relief . . . ."
16  Dismissal for failure to satisfy Rule 8(a)(2) is proper even if the
17  factual elements of the claim are present, if the elements are
18  scattered throughout the complaint and are not organized into a "short
19  and plain statement of the claim."  McHenry v. Renne, 84 F.3d 1172,
20  1178 (9th Cir. 1996) (stating that a complaint should set forth "who
21  is being sued, for what relief, and on what theory, with enough detail
22  to guide discovery").  Further, Rule 8(d) "requir[es] each averment of
23  a pleading to be simple, concise, and direct, . . . and is a basis for
24  dismissal independent of Rule 12(b)(6)."  Id. (citing Nevijel v. North
25  Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  "The
26  propriety of dismissal for failure to comply with Rule 8 does not
27  depend on whether the complaint is wholly without merit."  McHenry, 84
28  F.3d at 1179.

Even construed liberally, Plaintiff's complaint fails to comply with Rule 8. Plaintiff alleges thirty-two claims, each "Against All Defendants and Does 1-10,000," yet fails to allege each particular Defendant's wrongful conduct. Instead, Plaintiff's complaint lumps all defendants together without specifying why each is being sued. See, e.g., Compl. ¶ 253 ("Defendants failed to conduct proper investigations of disputed credit entries, in violation of the Consumer Legal Remedies Act"); ¶ 263 ("The misconduct of defendants, individually and severally, in engaging in false, misleading and deceptive mailing and advertising techniques, and in originating, servicing, collecting, or transferring the mortgage loan taken out by plaintiff resulted in the defendants being unjustly enriched"); ¶ 271 ("defendants failed to act as reasonable prudent persons proximately resulting in harm to plaintiff"); ¶ 279 ("Defendants negligently inflicted severe emotional distress upon plaintiff proximately resulting in harm suffered by plaintiff"). Further, it is unclear whether Plaintiff alleges any claims against Bank of America. Bank of America is listed in the caption of Plaintiff's complaint, and all claims are asserted against "All Defendants," yet nothing else is said about Bank of America. Therefore, Plaintiff's complaint fails to set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery," and does not satisfy the notice requirements of Rule 8(a)(2). McHenry, 84 F.3d at 1178.

Each defendant's Rule 12(b)(6) motion tests the legal sufficiency of a complaint. Plaintiff's factual allegations "must be enough to raise the right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007). Plaintiff must allege "enough facts to state a claim to relief that is plausible

on its face." Id. at 570.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950, (2009).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief.'" Id. (internal quotations and brackets omitted).

   Here, Plaintiff's complaint merely alleges Defendants are liable for various claims, without specifying which Defendants are liable and what actions make them liable.  See e.g., Compl. ¶ 314 ("Defendants violated the Real Estate Settlement Procedures Act ("RESPA") as set forth above proximately resulting in harm suffered by plaintiff."); ¶ 317 ("Defendants violated the Truth in Lending Act ("TILA"), as set forth above, proximately resulting in harm suffered by plaintiff.").  Similarly, Plaintiff's complaint merely recites the elements of several claims pursued without providing the grounds of entitlement to relief.

   Therefore, Defendants' motions to dismiss are GRANTED and Plaintiff's complaint is dismissed.  However, Plaintiff is granted ten (10) days from the date on which this Order is filed within which to file a first amended complaint.

Dated:  May 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

4